UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

- against -

JUAN RAMIREZ,

                                                    Defendant.

------------------------------------------------------------x

**14 CR 95 (CS)**

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that upon the annexed affirmation of Paul Trachte, Esq., Trachte Law Office, PC, attorney(s) of record for Juan Ramirez, and the exhibits attached thereto, the defendant herein, Juan Ramirez, will move before the Honorable Cathy Seibel, United States District Court Judge for the Southern District of New York, at the United States Courthouse located at 300 Quarropas Street, White Plains, New York, on May 1, 2014, for an Order, pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, and the Fourth Amendment to the United States Constitution, suppressing physical evidence and statements and granting such other relief as the Court may deem just and proper.

1.      Suppressing the physical evidence, cocaine, on the ground that it was obtained in violation of Juan Ramirez's Fourth Amendment rights.

2.      A Bill of Particulars pursuant to Federal Rules of Criminal Procedure 7(f).

3.      Directing the Government to disclose any evidence it intends to introduce to other crimes, wrongs, or acts, including uncharged crimes pursuant to Federal Rule of Evidence, Rule 404(b), and conducting a hearing before trial to determine whether such evidence should be precluded.

4.      Discovery pursuant to Federal Rules of Criminal Procedure, Rule 16.

5. Compelling the Government to disclose the identity, social security number, dates of birth, address and criminal history of any confidential informants used by the Government in this case, as well as any other information the Court deems appropriate or, in the alternative make these people available for counsel to interview pursuant to Rule 12 of the Federal Rules of Criminal Procedure.

6. Precluding the Government from impeaching the defendant's credibility with evidence of prior convictions and/or prior "bad acts", pursuant to Federal Rules of Criminal Procedure, Rule 17.1, and Federal Rules of Evidence, Rule 609, and the *in limine* doctrine enunciated in *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).

7. Directing the Government to disclose all exculpatory and impeachment materials, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Agurs*, 427 U.S. 97 (1976); and *Giglio v. United States*, 405 U.S. 150 (1972), by a date certain well in advance in trial.

8. Directing the Government to disclose its intentions of offering statements pursuant to Federal Rules of Evidence, Rule 801(d)(2), with a specification of the statements which the Government intends to offer.

9. Directing the Government, pursuant to *United States v. Giglio*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *United States v. Cannone*, 528 F.2d 269 (2d Cir. 1975); *United States v. Baum*, 482 F.2d 1325 (2d Cir. 1973); and Federal Rules of Evidence, Rules 608 and 609, to provide the defendant with a list of its witnesses at this time, or in the alternative, sufficiently before trial.

10. Directing the Government to disclose early "Jencks Act" materials under Title 18 U.S.C. § 3500, and preservation and retention of all Government agents' "rough notes".

2

11.     Granting defendant an extension of time within which to file further pretrial motions resulting from information obtained pursuant to these pretrial motions, as well as from continuing investigation of this matter.

12.     Granting such other and further relief as the court may deem just and proper.

Dated:  April 30, 2014
       Newburgh, New York

 

Paul Trachte, Esq.
Trachte Law Office, PC
*Attorneys for Defendant Ramirez*
26 West Street
Newburgh, New York 12550
(845) 565-3999

To:     Clerk
       United States District Courthouse
       300 Quarropas Street
       White Plains, New York 10601

       Michael Gerber, Esq.
       Assistant United States Attorney
       United States Attorney's Office
       Southern District of New York
       300 Quarropas Street
       White Plains, New York 10601

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,

**14 CR 95 (CS)**

**AFFIRMATION**

- against -

JUAN RAMIREZ,

Defendant.

------------------------------------------------------------------x

PAUL TRACHTE, ESQ., an attorney admitted to practice before this Court, affirms the following:

1.   I am the attorney of record for Juan Ramirez, the defendant in the above referenced matter. I make this affirmation in support of the instant motion to suppress physical evidence on the ground that there was an illegal search and seizure pursuant to the Fourth Amendment of the United States Constitution. Defendant Ramirez further moves for such other and further relief as to the Court may seem just.

2.   On November 15, 2013, at approximately 6:50 p.m., Mr. Ramirez was passenger in a motor vehicle driven by his nephew Alberto Silva, Jr. and registered to his sister Socorro Ramirez, which was stopped by police for an alleged equipment violation of a broken brake light. The defendant was subsequently arrested for the instant offense.

3.   Upon review of photographic evidence and upon information and belief based upon conversations with the defendant, the brake lights of the vehicle were working properly and the stop appeared to be a pretext geared toward an unlawful search.

4.   The government has not disclosed any *Brady* material.  There is an affirmative duty upon the prosecution to produce evidence that is favorable to the accused, either as direct or

impeaching evidence, and the suppression of such evidence is a violation of due process. *Brady v. Maryland*, 373 U.S. 83 (1963). Disclosure is required even without a request by the defendant, if it includes impeachment evidence, and evidence in the files of the police even if not known to the prosecutor. *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985); *Strickler v. Greene*, 527 U.S. 263 (1999). If it is debatable whether material constitutes Brady material, the material should be submitted to the Court for in camera inspection. *United States v. Jordan*, 316 F.3d 1215 (11th Cir. 2003).

5.    The information and relief sought in the defendant's requests to this Court contained in the notice of motion and accompanying memorandum of law are necessary to determine defense strategy and to adequately prepare for trial. The defense will be severely handicapped if this requested information and relief is not provided. No previous application for the relief sought herein has been made at any prior proceeding.

6.    The accompanying Memorandum of Law, which is hereby incorporated and made part hereof, further elaborates on the information and relief sought by this defendant and the arguments which support his applications.

Dated: April 30, 2014
       Newburgh, New York

Paul Trachte, Esq.
Trachte Law Office, PC
*Attorneys for Defendant Ramirez*
26 West Street
Newburgh, New York 12550
(845) 565-3999

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA

      -against-

JUAN RAMIREZ,

                        Defendant.
------------------------------------------------------------x

**14 CR 95 (CS)**

**AFFIRMATION OF
JUAN RAMIREZ**

I, Juan Ramirez, hereby affirm under penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am the defendant in the above captioned case. I make this affirmation in support of the instant motion to suppress physical evidence on the ground that there was an illegal search and seizure pursuant to the Fourth Amendment of the United States Constitution.

2.      On November 15, 2013, at approximately 6:50 p.m., I was a passenger in a motor vehicle driven by my nephew Alberto Silva, Jr. and registered to my sister Socorro Ramirez, which was stopped by police for an alleged equipment violation of a broken brake light.

3.      I know that both brake lights on my sister's black Chevrolet Trailblazer were working properly because I saw them working properly when Alberto picked me up. I believe that the vehicle was stopped without a valid reason.

4.      One police officer approached the stopped vehicle from the driver's side and spoke to me, obtaining my name and date of birth. The officer went back to his vehicle and when he returned I was ordered to exit the vehicle. I did not engage in any suspicious behavior or make any motions with my arms or body. There was no illegal contraband in plain view.

5.      The vehicle I was in was a legally registered and licensed vehicle with no equipment problems and Alberto had not committed any traffic violations.

WHEREFORE, it is respectfully requested that this Court enter an order suppressing physical evidence, cocaine, on the ground that it was obtained in violation of my constitutional rights pursuant to the Fourth Amendment of the United States Constitution, or such other relief as the Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and accurate.

Dated: April 30, 2014
      Valhalla, New York

JUAN RAMIREZ

Sworn to before me this

30 day of April, 2014

Paul Trachte - Notary Public

PAUL TRACHTE
Notary Public
Qualified in ... New York
Commission Expires July 15, 2015

# EXHIBIT A

**S0252F1R32**

To be completed by Police Officer and given to Motorist

**POLICE AGENCY**
NWPD

Local Police Code
NW-014650-13

| | | | |
|---|---|---|---|
| Last Name(Defendant) | First Name | | M.I. |
| SILVA | ALBERTO | | J |

Number and Street
61 TOWNSEND AVE 2                    Apt. No.    Photo Lic Shown ⊙

| City | State | Zip Code | Owner Oper. | Lic. Class |
|---|---|---|---|---|
| NEWBURGH | NY | 12550 | ○ | D |

| Client ID Number | | Sex | Date Expires |
|---|---|---|---|
| ▓▓▓▓▓ | | M | 12/3/2016 |

| Lic. State | Date of Birth | Veh. Type | Year | Make | Color |
|---|---|---|---|---|---|
| NY | ▓▓▓▓ | 1 | 2004 | CHEV | BK |

| Plate Number | Reg. State | Registration Expires |
|---|---|---|
| DXJ8366 | NY | 2/6/2015 |

## THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS

| Time | Date of Offense | IN VIOLATION OF |
|---|---|---|
| 5:50 PM | 11/15/2013 | NYS V AND T LAW |

| Section | Sub Section | Tr Inf | Misd | Felony | MPH | MPH Zone |
|---|---|---|---|---|---|---|
| 37540B | | ⊙ | ○ | ○ | | |

Description of Violation
INADEQUATE OR NO STOP LAMPS DRIVERS SIDE

US DOT#

| CDL Veh | Bus | Haz Mat |
|---|---|---|
| ○ | ○ | ○ |

| Place of Occurrence | Hwy. No. | Loc. Code |
|---|---|---|
| WINDSOR HIGHWAY / UNION AVENUE | 32 | 3664 |

| C/T/V Name | County | Hwy. Type | NCIC/ORI |
|---|---|---|---|
| NEW WINDSOR, TOWN OF - 3664 | ORANGE | 2 | 03567 |

AFFIRMED UNDER PENALTY OF PERJURY

| Date Affirmed | Off Assign |
|---|---|
| 11/15/2013 | |

Arrest Type
1 - PATROL

(Officer's Signature)

Badge/Shield   152

| Officer's Last Name | First Name | M.I. |
|---|---|---|
| TAKEUCHI | M | |

Radar Officer's Signature

*THIS MATTER IS SCHEDULED TO BE HANDLED ON THE APPEARANCE DATE BELOW*

NEW WINDSOR TOWN COURT

Address
555 UNION AVE

| City | State | Zip |
|---|---|---|
| NEW WINDSOR | NY | 12553 |

⊙ RETURN BY MAIL BEFORE OR IN PERSON ON:
○ MUST APPEAR IN PERSON ON:

| Date | Time |
|---|---|
| 12/17/2013 | 4:00 PM |

## A PLEA OF GUILTY TO THIS CHARGE IS EQUIVALENT TO A CONVICTION AFTER TRIAL. IF YOU ARE CONVICTED, NOT ONLY WILL YOU BE LIABLE TO A PENALTY, BUT IN ADDITION YOUR LICENSE TO DRIVE A MOTOR VEHICLE OR MOTORCYCLE, AND YOUR CERTIFICATE OF REGISTRATION, IF ANY, ARE SUBJECT TO SUSPENSION AND REVOCATION AS PRESCRIBED BY LAW.

Conviction may subject you to a mandatory surcharge and/or Driver Responsibility Assessment as prescribed by law.

Your failure to respond may result in a warrant for your arrest or suspension of your driver's license and/or a default judgement against you.

## TO PLEAD BY MAIL
### (NOT TO BE USED FOR MISDEMEANORS OR FELONIES)

- If you are pleading "GUILTY" by mail, place an "X" through SECTION B, then complete and sign SECTION A.

- If you are pleading "NOT GUILTY" by mail, place an "X" through SECTION A, then complete and sign SECTION B.

- Mail this form to the Court noted on this ticket by Registered, Certified, or First Class Mail, with Return Receipt Requested.

- DO NOT use this form for Misdemeanors or Felonies or for a third or subsequent speeding violation in an 18 month period, instead you must appear in the Court noted on this ticket in person.

- If the Court denies your plea, you will be notified by mail to appear in the Court noted on the front of this ticket.

### SECTION A - PLEA OF GUILTY

To the Court listed on the other side of this ticket:

I, _____

residing at _____

have been charged with the violation as specified on the other side of this ticket. I acknowledge receipt of the warning printed in bold type on the other side of this ticket, and I waive arraignment in open court and the aid of an Attorney. I plead GUILTY to the offense as charged and request that this charge be disposed of and a fine or penalty fixed by the court.

Additionally, I make the following statement of explanation (optional):

_____

All statements are made under penalty of perjury:

Date: _____    Signed _____

### SECTION B - PLEA OF NOT GUILTY

The following notice applies to you if the officer did not issue you a supporting deposition with your ticket.

**NOTICE: YOU ARE ENTITLED TO RECEIVE A SUPPORTING DEPOSITION FURTHER EXPLAINING THE CHARGES PROVIDED YOU REQUEST SUCH SUPPORTING DEPOSITION WITHIN THIRTY (30) DAYS FROM THE DATE YOU ARE DIRECTED TO RESPOND TO THE COURT NOTED ON THE OTHER SIDE OF THIS APPEARANCE TICKET. DO YOU REQUEST A SUPPORTING DEPOSITION?**

Yes ☐   No ☐

SUPPORTING DEPOSITION PROVIDED WHEN THIS TICKET WAS ISSUED?

NO ○      SPEEDING (Gen 101) ○

GENERAL (Gen 101A) ○

Signature _____

Address _____

| City | State | Zip Code |
|---|---|---|
| _____ | _____ | _____ |

NOTE: Mail this NOT GUILTY Plea within 48 hours. The court will notify you by First Class Mail of your appearance date.

### APPLICANTS UNDER 18 YEARS OF AGE
MUST SUBMIT NAME AND ADDRESS OF PARENT OR GUARDIAN BELOW.

Name of Parent or Guardian _____

Address _____

| City | State | Zip Code |
|---|---|---|
| _____ | _____ | _____ |

FAILURE TO ANSWER THIS TICKET WILL RESULT IN THE SUSPENSION OF YOUR LICENSE AND A DEFAULT JUDGEMENT AGAINST YOU.

**17** TR0-1.7 (4/02)

S0252F1R32

# EXHIBIT B

Approved: _____
          Michael Gerber
          Assistant United States Attorney

Before:   HONORABLE LISA MARGARET SMITH
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - - - - x
                                       :   **SEALED COMPLAINT**
                                       :
UNITED STATES OF AMERICA               :
                                       :   Violation of
          - v. -                       :   21 U.S.C. §§
                                       :   812, 841(a)(1),
JUAN RAMIREZ,                          :   841(b)(1)(B)
                                       :
               Defendant.              :   COUNTY OF OFFENSE:
                                       :   ORANGE
- - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

     JOSE FLORES, being duly sworn, deposes and says that he is
a Special Agent with the Federal Bureau of Investigation, and
charges as follows:

### COUNT ONE

     1.   On or about November 15, 2013, in the Southern
District of New York, JUAN RAMIREZ, the defendant, intentionally
and knowingly did distribute and possess with intent to
distribute a controlled substance, in violation of 21 U.S.C.
§ 841(a)(1).

     2.   The controlled substance involved in the offense was
five hundred grams or more of mixtures and substances containing
a detectable amount of cocaine.

     (Title 21, United States Code, Sections 812, 841(a)(1), and
                    841(b)(1)(B).)

     The bases for my knowledge and for the foregoing charges
are, in part, as follows:

     3.   I am a special agent with the Federal Bureau of
Investigation, and I have been involved in the investigation of
the above-described offense.  I am familiar with the facts and

1

circumstances set forth below from my personal participation in the investigation, including my review of pertinent documents, and from my conversations with fellow law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4.   I have spoken with an officer ("Officer-1") of the Town of New Windsor Police Department ("NWPD") and have reviewed documents prepared by NWPD officers.  Based on my conversation with Officer-1, and my review of those documents, I have learned, in substance and in part, the following:

a.   On or about the evening of November 15, 2013, Officer-1 was on patrol on Windsor Highway in a marked patrol car.  Officer-1 observed a black Chevrolet Trailblazer (the "Trailblazer") with a broken driver's side brake light. Officer-1 conducted a traffic stop of the Trailblazer.  Officer-1 approached the vehicle and obtained the name and date of birth of the driver (the "Driver") and the other occupant of the vehicle, who was sitting in the front passenger seat.  The individual in the front passenger seat was JUAN RAMIREZ, the defendant.  Officer-1 radioed the names and dates of birth to the police dispatcher.

b.   Officer-1 learned from the dispatcher that there was an outstanding bench warrant for RAMIREZ.  Officer-1 ordered RAMIREZ to step out of the vehicle.  As RAMIREZ stepped out of the vehicle, Officer-1 saw RAMIREZ appear to kick an object on the floor in front of the front passenger seat, in an apparent attempt to hide the object under his seat.  Another NWPD officer who had arrived on the scene ("Officer-2") walked RAMIREZ to the rear of the Trailblazer and took him into custody.

c.   Officer-1 observed a blue plastic bag on the front passenger seat floor of the Trailblazer.  Using a flashlight to illuminate the bag, Officer-1 observed that the bag contained a container covered in what appeared to be tin foil and that several white, rock-like substances appeared to have fallen out of the foil.

d.   Officer-1 asked the Driver what was in the bag, and he responded, "Dinner."  Officer-1 asked the Driver to put

2

**2**

the bag on the passenger seat.  When he did so, the contents shifted, revealing a large block of the same white, rock-like substance.  The Driver was taken into custody.

         e.    The white, rock-like substance was recovered from the Trailblazer.  The substance weighed approximately 564 grams and field tested positive for the presence of cocaine.

         f.    The Trailblazer was towed to the police station, and officers obtained a search warrant for the Trailblazer.  The officers then searched the remainder of the Trailblazer, and found, among other things, a plastic shopping bag on the rear passenger side seat.  The bag contained a metal pot, a sifter, a plastic spray bottle, and a clear canister.  Inside the canister was a t-shirt and a digital scale, each covered in white powdery residue.

    WHEREFORE, the deponent respectfully requests that JUAN RAMIREZ, the defendant, be arrested, and that he be imprisoned or bailed, as the case may be.

Jose Flores
Special Agent
Federal Bureau of Investigation


Sworn to before me this
___th day of December 2013

HONORABLE LISA MARGARET SMITH
United States Magistrate Judge
Southern District of New York

3

3

# EXHIBIT C



90

