UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA                              **14 CR 95 (CS)**

      -against-

JUAN RAMIREZ

                         Defendant.
------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JUAN RAMIREZ'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

Paul Trachte, Esq.
Trachte Law Office, PC
*Attorneys for Defendant Juan Ramirez*
26 West Street
Newburgh, New York 12550
(845) 565-3999

Defendant Juan Ramirez, by undersigned counsel, respectfully submits this memorandum of law in support of his motion to suppress physical evidence.

Mr. Ramirez is charged in a one count indictment with violations of Title 21 U.S.C. § 841(a)(1), charging him with possessing 500 grams or more of cocaine with intent to distribute. He seeks an order suppressing physical evidence and statements as having been obtained in violation of his constitutional rights pursuant to the Fourth Amendment.

## I. STATEMENT OF FACTS

As set forth in the attached Affirmations of counsel and Juan Ramirez, Mr. Ramirez was arrested on November 15, 2013, in Orange County, after a traffic stop by Town of New Windsor police officers. *See*, Trachte Affirmation (hereinafter "Trachte Aff."), at ¶ 2. The police officers stopped the black Chevrolet Trailblazer because of their belief that the vehicle had a broken driver's side brake light. Trachte Aff. at ¶ 2. *See* also, Exhibit A, Uniform Traffic Ticket issued to Alberto Silva Jr.

Mr. Ramirez's nephew, Alberto Silva Jr., was the driver of the vehicle which was stopped by police because of the alleged traffic infraction. Trachte Aff. ¶ 2. The arresting officer, referred to as Officer-1 in the sealed complaint, asked Mr. Ramirez, who was a passenger in the vehicle, for his name and date of birth, which were subsequently run by dispatch returning an outstanding bench warrant for Mr. Ramirez. Mr. Ramirez was then ordered out of the vehicle and taken into custody by Officer-2. *See*, Exhibit B, Sealed Complaint (hereinafter "Complaint"), at ¶ 4a,b. Prior to being ordered out of the car, Mr. Ramirez had not engaged in any suspicious behavior nor had he made any motions with his arms or body. No illegal contraband was in plain view. Ramirez Aff. ¶ 4.

## II. SUPPRESION OF PHYSICAL EVIDENCE AND STATEMENTS

When the vehicle that Mr. Ramirez was a passenger in was stopped, the police officers had no reasonable suspicion of criminal activity nor probable cause to believe that a crime had been committed. There was no actual offense of an equipment violation for a broken brake light, nor did the officers have any reasonable basis to believe that such offense had been committed. The subsequent search of the vehicle was conducted without probable cause or reasonable suspicion was in violation of Mr. Ramirez's Fourth Amendment rights. The search of the containers was without a warrant and not a proper inventory search.

In the instant case, the defendant was a passenger in a vehicle being lawfully operated. When a police officer makes a traffic stop, a passenger in the vehicle as well as the driver of the car is seized within the meaning of the Fourth Amendment. A person seized by police action is entitled to challenge the seizure, even if not the operator of the vehicle. *See, Brendlin v. California*, 551 U.S. 249, 127 S. Ct. 2400, 168 L. Ed. 2d 132 (2007).

An objectively reasonable police officer would not have believed that a traffic infraction involving a broken brake light had occurred. Even if the police honestly thought in error that they saw a traffic violation, that would not justify the stop here. First, the police officers' subjective honesty or good faith is irrelevant to the Fourth Amendment inquiry. *See, Hudson v. New York City*, 271 F.3d 62, 68 (2d Cir. 2001) ("The Supreme Court has made clear that an officer's subjective intent is irrelevant under [the Fourth Amendment's objective reasonableness] standard."). Second, an officer's mere suspicion must be "objectively reasonable" before it can justify a Fourth Amendment seizure. *See, United States v. Harrell*, 268 F.3d 141, 148-49 (2d Cir. 2001).

"Reasonable suspicion" only exists where a law enforcement officer can point to "specific and articulable facts which, taken together with rational inferences from those facts," would "warrant a man of reasonable caution in the belief" that a brief investigative stop is appropriate. *Terry*, 392 U.S. at 21-22 (emphasis added); *United States v. Jaramillo*, 25 F.3d 1146, 1150 (2d Cir. 1994) (same). The fleeting perception of a non-existent traffic violation does not automatically give rise to reasonable suspicion. On the contrary, the Court must consider whether the perception was sufficiently reliable under the totality of the circumstances to warrant a reasonable officer to entertain such a belief.

A recent decision by Judge Alvin K. Hellerstein in *United States v. Brett Stewart*, 604 F.Supp.2d 676 (Dist. Ct. S.D.N.Y. 2009), is instructive. In *Stewart*, Judge Hellerstein suppressed the physical evidence, a loaded firearm, and subsequent statements, following a traffic stop for a minor traffic infraction. Police officers stopped the auto because they believed that the car had stopped in a crosswalk, in violation of New York's Vehicle and Traffic Law. Judge Hellerstein found that "[T]he fact that an officer truly believed that he saw a violation does not necessarily make it reasonable for him to suspect that the violation occurred. Good faith alone does not make suspicion reasonable. *Id.* at 682-683. The Court found it necessary to assess the reasonableness of the officer's reliance on the observation "in light of any objective circumstances that might have led a reasonable officer to doubt the accuracy of what he believed he saw." *Id.* at 683, citing *United States v. Arvizu*, 534 U.S. 266, 273 (2002). The Court did not find the officers belief to be reasonable.

Here, police officers stopped the vehicle for a violation of New York State Vehicle and Traffic Law § 375(40): Stop lamps. (b) Every motor vehicle, except a motorcycle, operated or driven upon the public highways of the state, if manufactured on or after January first, nineteen

hundred fifty-two, shall be equipped with at least two stop lamps, one on each side, each of which shall display a red to amber light visible at least five hundred feet from the rear of the vehicle when the brake of such vehicle is applied.  Through discovery, the United States of America has provided images of the vehicle taken in the Town of New Windsor Police Department garage during a subsequent search of the vehicle pursuant to a warrant signed by the Hon. Noreen Calderin, Justice of the Town of New Windsor, on the same evening of the arrest, November 15, 2013.  These images, tagged with the numbers 48, 90, and 93, and attached hereto as Exhibit C, clearly show that the rear driver's side brake light that formed the basis of the stop was in fact working correctly just hours after the arrests.

In *United States v. Baptist*, 556 F. Supp. 284 (S.D.N.Y. 1982), the Court suppressed evidence seized and found that a statement made by the defendant after the initial stop and seizure did not then justify the initial illegality. ("…what developed from the investigative stop could not justify it." quoting from *United States v. Rico*, 594 F.2d 320, 323 (2d Cir. 1979)).  Any subsequent property recovered was a result of a violation of his Fourth Amendment rights, warranting the suppression of the fruits of that illegality.

### III. THE INITIAL WARRANTLESS SEARCH OF THE VEHICLE WAS NOT SUPPORTED BY AN EXCEPTION TO THE WARRANT REQUIREMENT

In the sealed complaint it states that Officer-1 looked into the vehicle using his flashlight and purportedly saw a blue plastic bag containing an item wrapped in foil.  Officer-1 asked the driver of the vehicle what was in the bag to which he replied "dinner."  Allegedly the driver was then asked to put the bag on the passenger seat, at which time contraband allegedly appeared in plain view.  *See*, Exhibit B, Complaint (hereinafter "Complaint"), at ¶ 4 c,d.  The Defendant alleges there was no contraband in plain view. Ramirez Aff. ¶ 4.  Defendant Juan Ramirez also

moves to suppress the seizure of the cocaine as the traffic stop was pretexual and the duration of which was not temporary in nature and therefore improper.

## CONCLUSION

For the foregoing reasons, Juan Ramirez respectfully requests that the Court issue an order suppressing the evidence illegally obtained in violation of his Fourth Amendment rights, suppressing any statements made as a result of this Fourth Amendment violation and order such other and further relief as the Court deems just and proper, including the filing of post-hearing memoranda if deemed necessary.


Dated: April 30, 2014
       Newburgh, New York


                                        Paul Trachte, Esq.
                                        Trachte Law Office, PC
                                        *Attorneys for Defendant Ramirez*
                                        26 West Street
                                        Newburgh, New York 12550
                                        (845) 565-3999

To:    Michael Gerber, Esq.
       Assistant United States Attorney
       United States Attorney's Office
       300 Quarropas Street
       White Plains, New York 10601