UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                                :

UNITED STATES OF AMERICA        :

                                :          14 Cr. 95 (CS)

           - v. -               :

                                :

JUAN RAMIREZ,                   :

                                :

              Defendant.       :

                                :

-------------------------------------------------------------- x

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

PREET BHARARA
United States Attorney
Southern District of New York
Attorney for the United States of America

Michael Gerber
Assistant United States Attorney
-Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                   :

UNITED STATES OF AMERICA          :

                                 :        14 Cr. 95 (CS)

        - against -            :

                                 :

JUAN RAMIREZ,                 :

                                 :

               Defendant.       :

                                 :
------------------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE
AND STATEMENTS**

      The Government respectfully submits this memorandum of law in opposition to defendant Juan Ramirez's motion to suppress cocaine seized by police officers following a car stop on or about November 15, 2013.  Ramirez claims that the stop and subsequent search of the car were improper.

      The defendant's claims are meritless.  The car stop was proper and the search was legal. Nevertheless, the Government consents to a hearing regarding the propriety of the stop.  The defendant's motion to suppress with regard to the search of the car should be denied without a hearing.

      The defendant also moves for (1) a bill of particulars; (2) disclosure of Rule 404(b) evidence; (3) discovery pursuant to Rule 16; (4) compelled disclosure of information  regarding confidential informants; (5) an order precluding the Government from impeaching the defendant's credibility with his prior bad acts; (6) disclosure of *Brady* and *Giglio* material; (7) disclosure of statements that the Government intends to offer pursuant to Federal Rule of Evidence 801(d)(2); (8) a Government witness list; and (9) disclosure of Jencks Act materials.  For the reasons set forth below, these motions should be denied.

## BACKGROUND

On or about November 15, 2013, an officer with the Town of New Windsor Police Department ("Officer-1") was on patrol on Windsor Highway in a marked patrol car.  Officer-1 observed a black Chevrolet Trailblazer (the "Trailblazer") with a broken driver's side brake light. Officer-1 conducted a traffic stop of the Trailblazer.  Exhibit ("Ex.") A ¶ 4(a).  The defendant was seated in the front passenger seat of the Trailblazer.  Officer-1 learned that there was an outstanding bench warrant for the defendant, and ordered the defendant out of the vehicle. Ex. A ¶ 4(b).

As the defendant stepped out of the Trailblazer, Officer-1 saw the defendant appear to kick an object on the floor in front of the front passenger seat, in an apparent attempt to hide the object.  Ex. A ¶ 4(b).  Officer-1 observed a blue plastic bag on the front passenger seat floor of the Trailblazer.  Using a flashlight to illuminate the bag, Officer-1 observed that the bag contained a container covered in what appeared to be tin foil and that several white, rock-like substances appeared to have fallen out of the foil.  Ex. A ¶ 4(c).

Officer-1 asked the driver of the Trailblazer what was in the bag, and he responded, "Dinner."  Officer-1 asked the Driver to put the bag on the passenger seat.  When he did so, the contents shifted, revealing a large block of the same white, rock-like substance.  Ex. A ¶ 4(d). The substance was recovered from the Trailblazer, and subsequently tested positive for the presence of cocaine.

The Trailblazer was towed to the police station, and officers obtained a search warrant for the Trailblazer.  The officers then searched the remainder of the Trailblazer, and found, among other things, a plastic shopping bag on the rear passenger side seat.  The bag contained a metal pot, a sifter, a plastic spray bottle, and a clear canister.  Inside the canister were a t-shirt and a

digital scale, each covered in white powdery residue.  Ex. A ¶ 4(f).

On December 5, 2013, Ramirez was arrested on a complaint charging him with possession with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B).  On February 10, 2013, a grand jury sitting in this District returned a one-count indictment charging Ramirez with a violation of Sections 812, 841(a)(1), and 841(b)(1)(B).

## ARGUMENT

## I.    The Government Consents to a Hearing Regarding the Propriety of the Car Stop

A police officer may conduct an investigative stop of a car if the officer has "a reasonable suspicion based on articulable facts that the suspect is, has been, or is about to be engaged in criminal activity."  *United States* v. *Glover*, 957 F.2d 1004, 1009 (2d Cir. 1992) (internal quotation marks omitted); *see United States* v. *Salazar*, 945 F.2d 47, 49 (2d Cir. 1991) ("Under *Terry* v. *Ohio* and its progeny, an officer who can point to specific and articulable facts that, together with rational inferences therefrom, would warrant a man of reasonable caution in the belief that a brief investigative stop is warranted, may make such a stop notwithstanding the absence of probable cause to arrest[.]").  The reasonable suspicion standard is "rather lenient," *United States* v. *Santana*, 485 F.2d 365, 368 (2d Cir. 1973), and is "not a difficult one to satisfy," *United States* v. *Oates*, 560 F.2d 45, 63 (2d Cir. 1977).  *See also United States* v. *Lawes*, 292 F.3d 123, 127 (2d Cir. 2002) (reasonable suspicion is "not a high threshold").  "Although an officer's reliance on a mere 'hunch' is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard."  *United States* v. *Arvizu*, 534 U.S. 266, 274 (2002).  Whether there is reasonable suspicion is determined "through the eyes of a reasonable

3

and cautious police officer on the scene, guided by his experience and training," *United States* v. *Bayless*, 201 F.3d 116, 133 (2d Cir. 2000), and is assessed based on the "totality of the circumstances." *Arvizu*, 534 U.S. at 273.

       Here, Officer-1 observed that the driver's side brake light of the Trailblazer was broken, and accordingly conducted a traffic stop.  The defendant denies that the driver's side brake light was broken, and the Government acknowledges that the defendant is entitled to hearing regarding this factual dispute.  While the defendant suggests that photographs of the Trailblazer support the defendant's contention, he is mistaken.  In fact, the photographs of the Trailblazer prove that the driver's side brake light was broken.  At the hearing in this matter, the Government will offer testimony not only from Officer-1, but also from a Detective of the New Windsor Police Department ("Detective-1") who took photographs of the Trailblazer at the location of the traffic stop and in connection with the later search of the Trailblazer pursuant to the search warrant.  Detective-1 will explain that in the initial set of photographs, the Trailblazer was turned off, and so the brake lights were off as well; to the extent there appears to be any light coming from the brake lights, this is merely the flash from Detective-1's camera.  However, in the second set of photographs, the Trailblazer was turned on and the brake was depressed; a comparison of photographs of the driver's side brake light and the passenger side brake light shows that the passenger's side brake light was illuminated, while the driver's side brake light was not functioning.  The Court can see the difference between the passenger's side brake light and the driver's side brake light by comparing Exhibits B and C to this memorandum of law. These photographs demonstrate that the defendant's contention is meritless.

**II.**   **Defendant's Challenge to the Search Should Be Rejected Without a Hearing**

Ramirez also challenges the recovery of the plastic bag, and the cocaine contained therein, from the Trailblazer.  But Ramirez does not have standing to challenge a search of the car, or the bag inside the car, and accordingly his claim should be denied without a hearing.

"When considering a claimed violation of Fourth Amendment rights, the burden is on the defendant to establish that his own rights under the Fourth Amendment were violated."  *United States* v. *Paulino*, 850 F.2d 93, 96 (2d Cir. 1988); *United States* v. *Montoya-Echevarria*, 892 F. Supp. 104, 106 (S.D.N.Y. 1995) ("The law is clear that the burden on the defendant to establish standing is met only by sworn evidence, in the form of affidavit or testimony.").  A defendant can make such a showing "only when the challenged conduct invaded his legitimate expectation of privacy."  *United States* v. *Payner*, 447 U.S. 727, 731 (1980).  As the Second Circuit explained in *United States* v. *Paulino*, 850 F.2d 93 (2d Cir. 1988), "[t]he inquiry of whether such an expectation of privacy exists raises two separate questions.  First, the person challenging the search must demonstrate a subjective desire to keep his or her effects private; and, second, the individual's subjective expectation must be one that society accepts as reasonable."  *Id.* at 97; *see also United States* v. *Buckner*, 417 F. Supp. 2d 240, 242 (S.D.N.Y. 2005) ("The *Paulino* Court's inquiry regarding a legitimate expectation of privacy focused on the defendant's subjective desire to keep the seized items private and the reasonableness of this subjective expectation.").

Ramirez has made neither showing.  He does not assert that the bag, let alone the cocaine, was his.  He has not demonstrated a "subjective desire to keep his . . . effects private"—on the contrary, he has carefully crafted his affidavit to avoid asserting that the "effects" were his at all.  While it is true that the Government intends to prove that Ramirez possessed the cocaine, the Second Circuit has held that a defendant does not have standing "merely because he anticipate[s]

that the Government will link the objects recovered in that search to the defendant at trial." *United States* v. *Watson*, 404 F.3d 163, 166 (2d Cir. 2005); *see also United States* v. *Singleton*, 987 F.2d 1444, 1449 (9th Cir. 1993) (holding that a district court may not grant a defendant standing to pursue a suppression motion "relying solely on the government's theory of the case," because to do so would amount to "an evisceration of the defendant's burden of proof as established by the Supreme Court.").  So long as Ramirez does not claim a possessory interest in the bag, let alone a privacy interest in its contents, he lacks standing.  *See United States* v. *Welbeck*, 145 F.3d 493, 498 (2d Cir. 1998) (warrantless seizure of a bag that the defendant "repeatedly and expressly disclaimed any possessory interest in" does not offend the Fourth Amendment); *United States* v. *Cruz*, 475 F. Supp. 2d 250, 258 (W.D.N.Y. 2007) ("Cruz cannot distance himself from any connection to the locked refrigerator while simultaneously arguing that he had a reasonable expectation of privacy in its contents.")

And even if Ramirez asserts a subjective privacy interest, he still lacks standing, because he did not have a reasonable expectation of privacy in objects in the interior of the car.  By his own admission, the car was not his, Ex. D ¶ 2, and "a passenger in a car, who has no possessory interest in the automobile, does not have a legitimate expectation of privacy in the interior of the automobile because he does not have the right to exclude others from the car."  *United States* v. *Buckner*, 417 F. Supp. 2d 240, 241 (S.D.N.Y. 2005); *see also United States* v. *Abdul-Alim*, 1999 WL 4971, at *2 (S.D.N.Y. Jan. 6, 1999) ("[A] passenger generally lacks standing to challenge a search of the vehicle because he does not have a reasonable expectation of privacy in the automobile."); *United States* v. *Muyet*, 946 F. Supp. 302, 304 (S.D.N.Y. 1996) ("In most cases, a mere passenger in a car lacks standing to challenge a search of the vehicle because he does not have a reasonable expectation of privacy in the automobile.").  Thus, Ramirez fails both the

subjective and objective prongs of the *Paulino* court's test for standing.

The Supreme Court's decision in *Rakas* v. *Illinois*, 439 U.S. 128 (1978), is on point.  In *Rakas*, the police searched a car and found a box of rifle shells in the glove apartment and a sawed-off rifle under the passenger seat.  The owner of the vehicle was the driver of the vehicle at the time of the search.  The defendants were passengers in the vehicle, and denied owning the rifle and shells.  *Id.* at 130-31.  The Supreme Court held that the defendants did not have standing to challenge the search of the car, as "[t]hey asserted neither a property nor a possessory interest in the automobile, nor an interest in the property seized."  *Id.* at 148.  The Court emphasized that "[t]he fact that [the defendants] were 'legitimately on the premises' in the sense that they were in the car with the permission of its owner is not determinative of whether they had a legitimate expectation of privacy in the particular areas of the automobile searched."  *Id.* at 148.  Here, as in *Rakas*, the defendant has asserted neither a subjective privacy interest in the property seized, nor a legitimate expectation of privacy in the car.

*Paulino* itself is likewise controlling.  There, Paulino, the defendant, was a passenger in the backseat of a car being driven by Diaz, the owner of the car.  Paulino had a packet of counterfeit bills; when an officer stopped the car, Paulino placed the bills under an opaque rubber mat on the floor of the back seat and put his feet on the mat.  Seeing Paulino's "furtive movement," the officer searched the car, lifted the rubber mat, and found the counterfeit bills. *Paulino*, 850 F.2d at 94-95.  The district court granted the defendant's motion to suppress, but the Second Circuit reversed, holding that "Paulino had no reasonable expectation of privacy in the area of Diaz's vehicle that was searched."  *Id.* at 95.  The Second Circuit explained that "the counterfeit bills were hidden under the rubber mat and Paulino put his feet on it, clearly evidencing his desire to keep these items private" and "[l]ater, he admitted ownership."  *Id.* at 97.

The Second Circuit reasoned that the defendant had thus demonstrated a "subjective expectation of privacy at the time of the seizure of his property." *Id.* Nevertheless, the court concluded that the defendant's "claim of privacy founders on the second, objective prong of the inquiry," because he did not have "a legitimate expectation of privacy as a passenger in Diaz's automobile." *Id.* The Court explained that "Paulino had only known Diaz for one week. As a passenger he had no right to exclude others from the vehicle. He secreted the counterfeit bills in a hurried and furtive manner while the police were questioning the driver." *Id.* In this case, Ramirez does not even assert a subjective expectation of privacy, let alone establish a legitimate expectation of privacy in the contents of the Trailblazer.

Finally, the district court's decision in *United States* v. *Buckner*, 417 F. Supp. 2d 240 (S.D.N.Y. 2005), is on all fours. In *Buckner*, the defendant was in the back of a livery cab. After a police officer stopped the cab, the officer saw the defendant kick something under the front passenger seat. The officer searched the car and found a gun. *Id.* at 241. The district court held that the defendant could not challenge the search because he had "not even proffered any evidence that he had a possessory interest in the revolver." *Id.* at 242. The court further explained: "[E]ven if [the Defendant] had acknowledged [a] possessory interest in the revolver and a subjective expectation of privacy, on the basis of the facts before the Court, the Defendant has not satisfied the objective prong of the analysis. Like the *Paulino* passenger, the Defendant had no right to exclude others from the livery cab because he was a mere passenger." *Id.* As in *Buckner,* Ramirez has asserted no interest in the bag and its contents, and he did not have a reasonable expectation of privacy as a mere passenger.

### III.   **The Defendant's Disclosure-Related Motions Should Be Denied**

The defendant makes a raft of motions with regard to various disclosures by the Government.  The defendant's demands are meritless, and should be denied.

*First*, the defendant seeks a bill of particulars.  It is well established that the proper scope and function of a bill of particulars is to provide sufficient information about the nature of the charge to enable a defendant to prepare for trial, to avoid unfair surprise, and to preclude a second prosecution for the same offense.  Fed. R. Crim. P. 7(f); *United States* v. *Torres*, 901 F.2d 205, 234 (2d Cir. 1990).  "[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means."  *United States* v. *Walsh*, 194 F.3d 37, 47 (2d Cir. 1999).  Here, the Complaint is more than sufficient to apprise the defendant of the allegations and evidence against him, and accordingly the motion should be denied.

*Second*, the defendant asks for disclosure of evidence that the Government intends to introduce at trial pursuant to Federal Rule of Evidence 404(b).  The Government is cognizant of the provisions for pretrial notice under Rule 404(b), and will provide any such Rule 404(b) notice thirty days prior to trial.  Accordingly, the motion should be denied as moot.

*Third*, the defendant seeks discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure.  The Government has met its obligations under Rule 16, and the defendant makes no suggestion to the contrary.  The motion should be denied as moot.

*Fourth*, the defendant demands disclosure of the names, social security numbers, dates of birth, addresses, and criminal histories of any confidential informants used by the Government in this case.  Disclosure of the identity of a confidential informant is an "extraordinary remedy." *United States* v. *Muyet*, 945 F. Supp. 586, 602 (S.D.N.Y. 1996) (quoting *Ortega* v. *United States*,

897 F. Supp. 771, 780 (S.D.N.Y. 1995)).  The defendant bears the burden of showing the need

for disclosure of an informant's identity and to do so must establish that, absent such disclosure,

the defendant will be deprived of the right to a fair trial.  *United States* v. *Fields*, 113 F.3d 313,

324 (2d Cir. 1997).  The defendant has made no such showing—indeed, he does not even try—

and accordingly the motion should be denied.

     *Fifth*, the defendant moves to preclude the Government from impeaching his credibility

with evidence of prior convictions or bad acts.  The relevance of any such material for

impeachment purposes depends upon the presentation of the defense, including the defendant's

testimony should he choose to testify on his own behalf.  Accordingly, absent a proffer of what

evidence the defense intends to present, it is impossible for the Court to weigh the relevance of

this evidence against the asserted unfair prejudice.  Absent such a proffer, the defendant's motion

is premature and should be denied.

     *Sixth*, the defendant demands all *Brady* and *Giglio* material in advance of trial.  The

defendant's motion for disclosure of *Brady* material should be denied as moot.  The Government

recognizes its obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny.  The

Government is not aware of any *Brady* material in this case.  The Government will continue to

honor its *Brady* obligations and, should it come into possession of any such material, will

produce that material reasonably promptly after it is discovered.  *See United States* v. *Coppa*

267 F.3d 132, 144 (2d Cir. 2001). Because the Government has made a good-faith representation

to the Court and defense counsel that it recognizes and is in compliance with its disclosure

obligations under *Brady*, the defendant's request for *Brady* material should be denied.  *See, e.g.*,

*United States* v. *Gallo*, 1999 WL 9848, at *8 (S.D.N.Y. Jan. 11, 1999) (denying defendant's

motion to compel production of *Brady* material given the Government's representations that "it

is aware of its obligations under *Brady* . . . and will produce any *Brady* material to the defense well before trial"); *United States* v. *Yu*, 1998 WL 57079, at **4-5 (E.D.N.Y. Feb. 5, 1998) (denying defense request that Government provide early disclosure of *Brady* material because Government acknowledged its continuing obligation to provide exculpatory material upon its discovery and assured that it would comply with that obligation).  As to *Giglio* material, the motion is premature and should be denied:  the Government is aware of its obligations and will produce any such material sufficiently in advance of each witness's testimony to allow adequate time to prepare for cross-examination and for effective use by the defense at a hearing or trial. *Coppa*, 267 F.3d at 144.

  *Seventh*, the defendant seeks disclosure of statements that the Government intends to offer pursuant to Federal Rule of Evidence 801(d)(2).  The motion should be denied.  The Government has complied with its obligations under Rule 16, and accordingly has disclosed to the defense statements made by the defendant to a law enforcement agent following his arrest.  Moreover, the Government is aware of, and will comply with, its *Brady* and *Giglio* obligations, as well as its obligations under the Jencks Act.  The defendant identifies no basis for early disclosure of statements that will be offered pursuant to Rule 801(d)(2).

  *Eighth*, the defendant asks for a witness list.  But "Fed. R. Crim. P. 16 does not require the Government to furnish the names and addresses of its witnesses."  *United States* v. *Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990).  Rather, a defendant is entitled to disclosure of the Government's witnesses only if he makes "a specific showing that the disclosure [is] both material to the preparation of his defense and reasonable in light of the circumstances surrounding his case."  *United States* v. *Cannone*, 528 F.2d 296, 301 (2d Cir. 1975).  A mere "abstract conclusory claim that such disclosure [is] necessary to [the] proper preparation for

trial" is insufficient.  *Id.* at 301-02.  Accordingly, "the courts in this district have widely found that the defendant is not entitled to a witness list absent a particularized showing of need." *United States* v. *Feola*, 651 F. Supp. 1068, 1138 (S.D.N.Y. 1987) (collecting cases); *see also United States* v. *Ordaz-Gallardo*, 520 F. Supp. 2d 516, 521 (S.D.N.Y. 2007) (denying request for witness list because "Defendants here make no particularized showing that the requested witness list is material to the preparation of the defense").  Defendant has not even attempted to satisfy this burden, nor could he, and the motion should be denied.

*Ninth*, the defendant asks for early disclosure of Jencks Act materials.  "Courts in this Circuit have consistently held that district courts lack the power to mandate early production of Jencks Act material."  *United States* v. *Morgan*, 690 F. Supp. 2d 274, 285 (S.D.N.Y. 2010) (collecting cases).  The motion is meritless, and should be denied.

## CONCLUSION

For the reasons discussed above, the Court should grant a hearing with regard to the car stop.  Defendant's motion to suppress with respect to the search of the car should be denied without a hearing.  The defendant's disclosure-related motions should be denied.

Dated:  White Plains, New York
    May 22, 2014

        Respectfully Submitted,

        PREET BHARARA
        United States Attorney


By:     /s/
       Michael Gerber
       Assistant United States Attorney
       (914) 993-1958

## <u>CERTIFICATE OF SERVICE</u>

Michael Gerber, pursuant to Title 28, United States Code, Section 1746, hereby declares

under the penalty of perjury:

I am an Assistant United States Attorney in the Office of the United States Attorney for

the Southern District of New York; and

On May 22, 2014, I caused a copy of the attached Memorandum of Law in Opposition to

Defendant's Motion to Suppress Physical Evidence and Statements to be delivered by ECF to:

> Paul Trachte, Esq.
> Trachte Law Office
> 26 West Street
> Newburgh NY, 12550

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28

U.S.C. Section 1746.


Dated:  White Plains, New York
        May 22, 2014


\_\_\_\_\_/s/_____
Michael Gerber
Assistant United States Attorney
(914) 993-1958

# EXHIBIT A

Approved: _Michael Gerber_____
          Michael Gerber
          Assistant United States Attorney

Before:   HONORABLE LISA MARGARET SMITH
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - x
                                 :    **SEALED COMPLAINT**
UNITED STATES OF AMERICA         :
                                 :    Violation of
          - v. -                 :    21 U.S.C. §§
                                 :    812, 841(a)(1),
JUAN RAMIREZ,                    :    841(b)(1)(B)
                                 :
          Defendant.             :    COUNTY OF OFFENSE:
                                 :    ORANGE
- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

      JOSE FLORES, being duly sworn, deposes and says that he is
a Special Agent with the Federal Bureau of Investigation, and
charges as follows:

                            COUNT ONE

      1.    On or about November 15, 2013, in the Southern
District of New York, JUAN RAMIREZ, the defendant, intentionally
and knowingly did distribute and possess with intent to
distribute a controlled substance, in violation of 21 U.S.C.
§ 841(a)(1).

      2.    The controlled substance involved in the offense was
five hundred grams or more of mixtures and substances containing
a detectable amount of cocaine.

      (Title 21, United States Code, Sections 812, 841(a)(1), and
                     841(b)(1)(B).)

      The bases for my knowledge and for the foregoing charges
are, in part, as follows:

      3.    I am a special agent with the Federal Bureau of
Investigation, and I have been involved in the investigation of
the above-described offense.  I am familiar with the facts and

circumstances set forth below from my personal participation in the investigation, including my review of pertinent documents, and from my conversations with fellow law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4.   I have spoken with an officer ("Officer-1") of the Town of New Windsor Police Department ("NWPD") and have reviewed documents prepared by NWPD officers.  Based on my conversation with Officer-1, and my review of those documents, I have learned, in substance and in part, the following:

a.   On or about the evening of November 15, 2013, Officer-1 was on patrol on Windsor Highway in a marked patrol car.  Officer-1 observed a black Chevrolet Trailblazer (the "Trailblazer") with a broken driver's side brake light. Officer-1 conducted a traffic stop of the Trailblazer.  Officer-1 approached the vehicle and obtained the name and date of birth of the driver (the "Driver") and the other occupant of the vehicle, who was sitting in the front passenger seat.  The individual in the front passenger seat was JUAN RAMIREZ, the defendant.  Officer-1 radioed the names and dates of birth to the police dispatcher.

b.   Officer-1 learned from the dispatcher that there was an outstanding bench warrant for RAMIREZ.  Officer-1 ordered RAMIREZ to step out of the vehicle.  As RAMIREZ stepped out of the vehicle, Officer-1 saw RAMIREZ appear to kick an object on the floor in front of the front passenger seat, in an apparent attempt to hide the object under his seat.  Another NWPD officer who had arrived on the scene ("Officer-2") walked RAMIREZ to the rear of the Trailblazer and took him into custody.

c.   Officer-1 observed a blue plastic bag on the front passenger seat floor of the Trailblazer.  Using a flashlight to illuminate the bag, Officer-1 observed that the bag contained a container covered in what appeared to be tin foil and that several white, rock-like substances appeared to have fallen out of the foil.

d.   Officer-1 asked the Driver what was in the bag, and he responded, "Dinner."  Officer-1 asked the Driver to put

2

the bag on the passenger seat.   When he did so, the contents
shifted, revealing a large block of the same white, rock-like
substance.   The Driver was taken into custody.

      e.   The white, rock-like substance was recovered from
the Trailblazer.   The substance weighed approximately 564 grams
and field tested positive for the presence of cocaine.

      f.   The Trailblazer was towed to the police station,
and officers obtained a search warrant for the Trailblazer.   The
officers then searched the remainder of the Trailblazer, and
found, among other things, a plastic shopping bag on the rear
passenger side seat.   The bag contained a metal pot, a sifter, a
plastic spray bottle, and a clear canister.   Inside the canister
was a t-shirt and a digital scale, each covered in white powdery
residue.

    WHEREFORE, the deponent respectfully requests that JUAN
RAMIREZ, the defendant, be arrested, and that he be imprisoned
or bailed, as the case may be.

_____
Jose Flores
Special Agent
Federal Bureau of Investigation


Sworn to before me this
___th day of December 2013

_____
HONORABLE LISA MARGARET SMITH
United States Magistrate Judge
Southern District of New York

3

# EXHIBIT B



# EXHIBIT C



# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA               **14 CR 95 (CS)**

       -against-                          **AFFIRMATION OF**
                                        **JUAN RAMIREZ**
JUAN RAMIREZ,

                      Defendant.
--------------------------------------------------------x

       I, Juan Ramirez, hereby affirm under penalties of perjury, pursuant to 28 U.S.C. § 1746,

as follows:

       1.      I am the defendant in the above captioned case. I make this affirmation in support

of the instant motion to suppress physical evidence on the ground that there was an illegal search

and seizure pursuant to the Fourth Amendment of the United States Constitution.

       2.      On November 15, 2013, at approximately 6:50 p.m., I was a passenger in a motor

vehicle driven by my nephew Alberto Silva, Jr. and registered to my sister Socorro Ramirez,

which was stopped by police for an alleged equipment violation of a broken brake light.

       3.      I know that both brake lights on my sister's black Chevrolet Trailblazer were

working properly because I saw them working properly when Alberto picked me up. I believe

that the vehicle was stopped without a valid reason.

       4.      One police officer approached the stopped vehicle from the driver's side and

spoke to me, obtaining my name and date of birth. The officer went back to his vehicle and

when he returned I was ordered to exit the vehicle. I did not engage in any suspicious behavior or

make any motions with my arms or body. There was no illegal contraband in plain view.

       5.      The vehicle I was in was a legally registered and licensed vehicle with no

equipment problems and Alberto had not committed any traffic violations.

WHEREFORE, it is respectfully requested that this Court enter an order suppressing physical evidence, cocaine, on the ground that it was obtained in violation of my constitutional rights pursuant to the Fourth Amendment of the United States Constitution, or such other relief as the Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and accurate.

Dated: April 30, 2014
Valhalla, New York

JUAN RAMIREZ

Sworn to before me this

30 day of April, 2014

Paul Trachte - Notary Public

PAUL TRACHTE
Notary Public, ... New York
Quali... ...
No... ...272
Commission Expires July 15, 2015